MARTIN SOLOMON, Appellant, v. NATHAN SOMERMAN et al., Respondents.— In a negligence action to recover damages for personal injury sustained by plaintiff as a result of his fall on a sidewalk, alleged to have been defective and covered with snow and ice, in front of the premises owned by defendants Somerman and the decedent Swan, the plaintiff appeals, as limited by his brief, from so much of a judgment and an amended judgment of the Supreme Court, Kings County, entered respectively June 9, 1961 and June 1, 1962, after a jury trial, as dismissed the complaint at the close of his case. Amended judgment, insofar as appealed from, affirmed, without costs. Appeal from the original judgment dismissed, without costs, as academic; such judgment was superseded by the amended judgment. The accident occurred in March, 1956. The complaint was served in April, 1957, and the bills of particulars were served in October, 1957 and December, 1957. The complaint specified *inter alia*, as the grounds of negligence, that the defendants had permitted snow and ice to accumulate upon the sidewalk and that, by improperly clearing portions of the

snow and ice, they rendered the sidewalk dangerous and unsafe. At the trial in April, 1961, plaintiff's counsel in his opening statement referred to the cause of the accident as improper drainage from "gutters and leaders" which emptied onto and across the sidewalk so as to form ice on such sidewalk. Upon objection by defendants, the trial court denied plaintiff's motion to amend his bill of particulars accordingly. The court also excluded any evidence concerning the "gutters and leaders," on the ground that the complaint and the bills of particulars, although they specified a number of items of negligence, made no reference to the "gutters and leaders" or to improper drainage. At the close of plaintiff's case, the court dismissed the complaint on the ground that no proof of actionable negligence had been adduced. In our opinion, the delay in asserting the claim of improper drainage and in making the motion was prejudicial to the defendants (cf. *Abrahams* v. *Huslis*, 6 A D 2d 1053). At such a late date the granting of the motion would have substantially impaired defendants' rights (*Crombie* v. *Miller*, 14 A D 2d 895). The trial court was not required to permit an amendment of the pleadings or bills of particulars which would radically change the theory upon which recovery originally had been sought (*Berkenstat* v. *Oliver*, 275 App. Div. 679). Hence the denial of the motion and the exclusion of the proffered evidence constituted a proper exercise of discretion. With respect to the claim of snow and ice, there is no evidence that the individual defendants created a condition on the sidewalk more dangerous or hazardous than the existing condition already created by the natural accumulation of snow and ice (*Spicehandler* v. *City of New York*, 279 App. Div. 755, affd. 303 N. Y. 946). The mere failure to remove all the snow and ice from the sidewalk is not negligence (*Herrick* v. *Grand Union Co.*, 1 A D 2d 911). We find that plaintiff failed to establish any actionable negligence either against the individual defendants or against the defendant City of New York. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.